| United States Bankruptcy Court<br>District of Minnesota | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Petters Capital, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): **20-2045616** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**4400 Baker Road**<br>**Minnetonka, MN**<br>ZIP CODE **55343** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Hennepin** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☑ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

_____

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other

**Tax-Exempt Entity**
(Check box, if applicable)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☑ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- ☑ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes
- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Petters Capital, LLC** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: **NONE** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **See Attached** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>❏  Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>**X  Not Applicable**<br>_____<br>Signature of Attorney for Debtor(s)          Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?
❏  Yes, and Exhibit C is attached and made a part of this petition.
☑  No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

❏   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

❏   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑   There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District.

❏   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

❏   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

❏   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

❏   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

❏   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B 1 (Official Form 1) (1/08)

FORM B1, Page 3

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Petters Capital, LLC** |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |

X **Not Applicable**
Signature of Debtor

X **Not Applicable**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

Date

X **Not Applicable**
(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

Date

---

| **Signature of Attorney** | **Signature of Non-Attorney Petition Preparer** |
|---|---|

X *[signature]*
Signature of Attorney for Debtor(s)

**James A. Lodoen  Bar No. 0173605**
Printed Name of Attorney for Debtor(s) / Bar No.

**Lindquist & Vennum P.L.L.P.**
Firm Name

**80 South 8th Street Suite 4200**
Address

**Minneapolis MN 55402**

**612-371-3211**          612-371-3207 *Fax*
Telephone Number

*6-12-09*
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

X **Not Applicable**

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *[signature]*
Signature of Authorized Individual

**Douglas A. Kelley**
Printed Name of Authorized Individual

**Court Appointed Receiver**
Title of Authorized Individual

*6/12/2009*
Date

PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR

| Name of Debtor | Case Number | Date |
|---|---|---|
| See Attached | | |
| District | Relationship | Judge |
| | | |

| Name of Debtor | Case Number | Date |
|---|---|---|
| Petters Group Worldwide, LLC | 08-45258 | 10/11/08 |
| District | Relationship | Judge |
| MN | Affiliate | Gregory F. Kishel |

| Name of Debtor | Case Number | Date |
|---|---|---|
| PC Funding, LLC | 08-45326 | 10/15/08 |
| District | Relationship | Judge |
| MN | Affiliate | Gregory F. Kishel |

| Name of Debtor | Case Number | Date |
|---|---|---|
| Thousand Lakes, LLC | 08-45327 | 10/15/08 |
| District | Relationship | Judge |
| MN | Affiliate | Gregory F. Kishel |

| Name of Debtor | Case Number | Date |
|---|---|---|
| SPF Funding, LLC | 08-45328 | 10/15/08 |
| District | Relationship | Judge |
| MN | Affiliate | Gregory F. Kishel |

| Name of Debtor | Case Number | Date |
|---|---|---|
| PL Ltd., Inc. | 08-45329 | 10/15/08 |
| District | Relationship | Judge |
| MN | Affiliate | Gregory F. Kishel |

| Name of Debtor | Case Number | Date |
|---|---|---|
| Edge One LLC | 08-45330 | 10/15/08 |
| District | Relationship | Judge |
| MN | Affiliate | Gregory F. Kishel |

| Name of Debtor | Case Number | Date |
|---|---|---|
| MGC Finance, INc. | 08-45331 | 10/15/08 |
| District | Relationship | Judge |
| MN | Affiliate | Gregory F. Kishel |

| Name of Debtor | Case Number | Date |
|---|---|---|
| PAC Funding, LLC | 08-45371 | 10/17/08 |
| District | Relationship | Judge |
| MN | Affiliate | Gregory F. Kishel |

| Name of Debtor | Case Number | Date |
|---|---|---|
| **Palm Beach Finance Holdings, Inc.** | **08-45392** | **10/19/08** |
| District | Relationship | Judge |
| **MN** | **Affiliate** | **Gregory F. Kishel** |

| Name of Debtor | Case Number | Date |
|---|---|---|
| **Polaroid Corporation** | **08-46617** | **12/18/08** |
| District | Relationship | Judge |
| **MN** | **Affiliate** | **Gregory F. Kishel** |

| Name of Debtor | Case Number | Date |
|---|---|---|
| **Polaroid Holding Company** | **08-46621** | **12/18/08** |
| District | Relationship | Judge |
| **MN** | **Affiliate** | **Gregory F. Kishel** |

| Name of Debtor | Case Number | Date |
|---|---|---|
| **Polaroid Consumer Electronics, LLC** | **08-46620** | **12/18/08** |
| District | Relationship | Judge |
| **MN** | **Affiliate** | **Gregory F. Kishel** |

| Name of Debtor | Case Number | Date |
|---|---|---|
| **Polaroid Capital, LLC** | **08-46623** | **12/18/08** |
| District | Relationship | Judge |
| **MN** | **Affiliate** | **Gregory F. Kishel** |

| Name of Debtor | Case Number | Date |
|---|---|---|
| **Polaroid Latin America I Corporation** | **08-44624** | **12/18/08** |
| District | Relationship | Judge |
| **MN** | **Affiliate** | **Gregory F. Kishel** |

| Name of Debtor | Case Number | Date |
|---|---|---|
| **Polaroid International Holding LLC** | **08-46626** | **12/18/08** |
| District | Relationship | Judge |
| **MN** | **Affiliate** | **Gregory F. Kishel** |

| Name of Debtor | Case Number | Date |
|---|---|---|
| **Polaroid New Bedford Real Estate, LLC** | **08-46627** | **12/18/08** |
| District | Relationship | Judge |
| **MN** | **Affiliate** | **Gregory F. Kishel** |

| Name of Debtor | Case Number | Date |
|---|---|---|
| **Polaroid Norwood Real Estate, LLC** | **08-46628** | **12/18/08** |
| District | Relationship | Judge |
| **MN** | **Affiliate** | **Gregory F. Kishel** |

| Name of Debtor | Case Number | Date |
|---|---|---|
| **Polaroid Waltham Real Estate, LLC** | **08-46629** | **12/18/08** |

| District | Relationship | Judge |
| --- | --- | --- |
| MN | Affiliate | Gregory F. Kishel |

| Name of Debtor | Case Number | Date |
| --- | --- | --- |
| Petters Company, Inc. | 08-45257 | 10/11/08 |
| District | Relationship | Judge |
| MN | Affiliate | Gregory F. Kishel |

In re:  **Petters Capital, LLC** _____  Case No. _____
                                                                    (If known)
                        Debtor

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | $      0.00 | $      0.00 |

Total  ➢  | $   0.00 |

(Report also on Summary of Schedules.)

In re   **Petters Capital, LLC**                                              ,          Case No. _____
                                              Debtor                                                      (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **USBank business checking account 104778136135** | | 1,050,057.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| | | | | |

In re  **Petters Capital, LLC** _____,     Case No. _____
                                                                          (If known)
                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Due from from Petters Group Worldwide, LLC in the amount of $700,000. Petters Group Worldwide, LLC filed Ch. 11 bankruptcy petition October 11, 2008, case no. 08-45258 and, as a result, the likelihood of collecting on this note is in question and the Debtor is unable to estimate its current value. | | unknown |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Inter-Company note receivable from Central America Holdings, LLC in the  amount, with interest, of $1,215,417.  Central America Holdings is an affiliated entity subject to Federal Court receivership, as a result, the likelihood of collecting on this note is in question and the Debtor is unable to estimate its current value. | | Unknown |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Inter-Company note receivable from Petters Aviation in the amount, with interest, of $1,646,000. This Note matured 9/18/2008.  Petters Aviation, LLC filed for relief under Ch. 11 on 10/06/2008, case 08-45136 and, as a result, the likelihood of collecting on this note is in question and the Debtor is unable to estimate its current value. | | unknown |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Inter-Company note receivable from Petters Company, Inc  in the amount, with interest, of $1,042,500.  Petters Company, Inc has filed a Ch. 11 bankruptcy petition on October 11, 2008, Case No. 08-45257 and, as a result, the likelihood of collecting on this note is in question and the Debtor is unable to estimate its current value. | | unknown |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Inter-Company note receivable from Petters Group Worldwide, LLC in the amount, including interest, of approximately $258,834,144.  Petters Group Worldwide, LLC filed Ch. 11 bankruptcy petition October 11, 2008, case no. 08-45258 and, as a result, the likelihood of collecting on this note is in question and the Debtor is unable to estimate its current value. | | unknown |
| | | | | |

In re   **Petters Capital, LLC** _____,        Case No. _____
                                          Debtor                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | Inter-Company Note receivable from Polaroid Corporation in the approximate amount of $22,997,727.  Polaroid Corporation filed a Ch. 11 bankruptcy petiton on December 18, 2008, case no. 08-46617 and, as a result, the likelihood of collecting on this note is in question and the Debtor is unable to estimate its current value. | | unknown |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | Inter-Company note receivable from Polaroid Corporation n the approximate amount of $164,346,300.  Polaroid Corporation filed a Ch. 11 bankruptcy petiton on December 18, 2008, case no. 08-46617 and, as a result, the likelihood of collecting on this note is in question and the Debtor is unable to estimate its current value. | | unknown |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | Note and security agreement dated March 5, 2007 and as amended and restated as of November 15, 2007, issued by MLO Appliances Company, LLC in favor of the Debtor.  Current balance on note, including accrued interest, totals approximately $2,279,649.    After default under the Note, and pursuant to Voluntary Surrender Agreement dated Sept. 10, 2008, the assets of MLO Appliances, including receivables, have been assigned to the Debtor and the Debtor has been collecting such receivables. | | unknown |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | Personal Guaranty of Michael L. O'Shaughnessy for the obligations of MLO Appliance to the Debtor.  Debtor is  currently owed in excess of $2.2 million under the Note, with such amount potentially reduced by additional collection by the Debtor of additional MLO receivables. | | unknown |
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |

In re  **Petters Capital, LLC** _____,  Case No. _____
_____ Debtor _____                          (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_3_ continuation sheets attached

Total ➢  **$1,050,057.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

B6D (Official Form 6D) (12/07)

In re  Petters Capital, LLC _____,  Case No. _____
                                  Debtor                                  (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>RWB Services, LLC<br>c/o Ronald Peterson, Ch. 7 Trustee<br>Jenner & Block, LLP<br>330 N. Wabash Avenue<br>Chicago, IL 60611 | | | Security Agreement<br>Notes issued in favor of RWB Services, LLC in original principal amounts of $6 million and $4 million.  Debtor on-lent funds to Polaroid Corporation and recorded a receivable from Polaroid Corporation in return.  Debtor granted RWB Services a lien in the Polaroid Corporation promissory notes as collateral to secure obligations of Petters Capital, LLC to RWB Services in same approximate amounts.  In possible violation of the TRO entered by the US District Court of Minnesota in USA v. Petters, et al., 08-CV-5348 on October 3, 2008, on October 16, 2008, RWB Services exercised its purported interest in the collateral and asserts it transferred ownership of the pledged notes to RWB Services, LLC on that date.<br>_____<br>VALUE: unknown | X | X | X | 11,324,110.00 | unknown |

1    continuation sheets
       attached

                                        Subtotal  ≻                           $ 11,324,110.00   $           0.00
                                          (Total of this page)

                                        Total  ≻                               $              $
                                          (Use only on last page)
                                                                 (Report also on Summary of  (If applicable, report
                                                                 Schedules)               also on Statistical
                                                                                           Summary of Certain
                                                                                         Liabilities and
                                                                                         Related Data.)

In re  Petters Capital, LLC _____,  Case No. _____
                          Debtor                                              (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>TLP Services, LLC<br>c/o Ritchie Capital Management<br>801 Warrenville Road<br>Lisle, IL 60532 | | | Security Agreement<br>Despite having received no consideration or benefit from this creditor, Petters Capital's Chairman purportedly pledged $125 million unsecured and two secured notes in the amount of $5 million each issued by Polaroid Corporation in favor of Petters Capital, LLC to secure third party obligations of Petters Company, Inc and possibly Petters Group Worldwide in favor of Ritchie Capital Management.  Financing statement filed with the DE Secretary of State on 9/26/2008.<br><br>_____<br>VALUE: Unknown | X | X | X | unknown | unknown |

Sheet no. 1 of 1 continuation
sheets attached to Schedule of
Creditors Holding Secured
Claims

Subtotal ⏵
(Total of this page)

Total ⏵
(Use only on last page)

| $ | 0.00 | $ | 0.00 |
|---|---|---|---|
| $ 11,324,110.00 | | $ | 0.00 |

(Report also on Summary of Schedules)   (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (12/07)

In re   **Petters Capital, LLC**                                          Case No. _____
                          Debtor                                                          (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

❑   **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❑   **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

❑   **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❑   **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

❑   **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❑   **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

❑   **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❑   **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

❑   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>1</u>  continuation sheets attached

In re   **Petters Capital, LLC** _____   Case No. _____
                                                                                                            (If known)
                               Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | | $0.00 |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

|  |  |  |  |
|---|---|---|---|
| Subtotals➢ (Totals of this page) | $        0.00 | $        0.00 | $        0.00 |
| Total  ➢ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $        0.00 | | |
| Total  ➢ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $        0.00 | $        0.00 |

In re   **Petters Capital, LLC**                                   Case No. _____

                                    Debtor                                       (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Camille Chee-Awai<br>309 East Di Lido Drive<br>Miami Beach, FL 33139 | | | For Notice Purposes Only | | | | 0.00 |
| ACCOUNT NO.<br><br>LAI Capital, Ltd.<br>2625 Underhill Road<br>Toledo, OH 43615 | | | various<br><br>Promissory Notes dated 10/17/2006, 10/19/2006 and 12/15/2006 | | X | X | 1,975,844.00 |
| ACCOUNT NO.<br><br>Merri Ville Holdings<br>1660 Sweetbay Way<br>Hollywood, FL 33019 | | | 08/15/2007<br><br>Promissory Note | | X | X | 1,046,359.00 |
| ACCOUNT NO.<br><br>Michael L. O'Shaughnessy<br>701 Xenia Avenue South, Ste. 450<br>Minneapolis, MN 55416 | | | unknown | X | X | X | unknown |
| ACCOUNT NO.<br><br>Michael L. O'Shaughnessy<br>c/o Spence, Ricke, Sweeney & Gernes<br>Attn: Larry B. Ricke<br>325 Cedar Street, Suite 600<br>St. Paul, MN 55101 | | | For Notice Purposes Only | X | X | X | unknown |

<u>2</u>  Continuation sheets attached

Subtotal ➤ $         3,022,203.00

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re    **Petters Capital, LLC**                                     Case No. _____

                                   Debtor                                     (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>MLO Appliance Company, LLC<br>c/o Spence Ricke Sweeny & Gernes<br>Attn: Larry Ricke<br>325 Cedar Street S, Ste 600<br>St. Paul, MN 55101 | | | For Notice Purposes Only | | | | 0.00 |
| ACCOUNT NO.<br><br>MLO Appliance Company, LLC<br>701 Xenia Avenue South, Ste 450<br>Minneapolis, MN 55415 | | | unknown | X | X | X | unknown |
| ACCOUNT NO.<br><br>Petters Company, Inc.<br>4400 Baker Road<br>Minnetonka, MN 55343 | | | Promissory Note | | X | X | 106,419,461.00 |
| ACCOUNT NO.<br><br>Petters Company, Inc.<br>4400 Baker Road<br>Minnetonka, MN 55343 | | | Goods and Services | | X | X | 6,973.22 |
| ACCOUNT NO.<br><br>Petters Group Worldwide, LLC<br>4400 Baker Road<br>Minnetonka, MN 55343 | | | Reimbursement of bonus paid to CEO in December 2007 by Petters Group Worldwide, LLC. | | X | X | 2,000,000.00 |

Sheet no. _1_ of _2_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                            Subtotal  >  $    **108,426,434.22**

                                 Total  >  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re   <u>Petters Capital, LLC</u>                              Case No. _____

                               Debtor                                     (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> Petters Group Worldwide, LLC <br> 4400 Baker Road <br> Minnetonka, MN 55343 | | | Goods and Services | X | | X | 1,680,217.00 |
| ACCOUNT NO. <br><br> Premier Corporate Services, Inc. <br> PO BOX 660 <br> Windsor, NJ 08550-0660 | | | Goods and Services | | | | 204.25 |
| ACCOUNT NO. <br><br> REE Enterprises, Inc. <br> 7532 Brigadoon Place <br> Fridley, MN 55432 | | | 12/15/2008 <br><br> Promissory Note | X | | X | 4,616,595.00 |

Sheet no. <u>2</u> of <u>2</u> continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

                                         Subtotal &gt; $     6,297,016.25

                                            Total &gt; $     117,745,653.47

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re: <u>Petters Capital, LLC</u>             ,     Case No. _____
Debtor                                        (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

In re: **Petters Capital, LLC**
_____.
Debtor

Case No. _____
(If known)

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|------------------------------|------------------------------|
|                              |                              |

# United States Bankruptcy Court
## District of Minnesota

In re **Petters Capital, LLC** _____,    Case No. _____
                              Debtor

                                                           Chapter    7  _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 0.00 | | |
| B - Personal Property | YES | 4 | $ 1,050,057.00 | | |
| C - Property Claimed as Exempt | NO | | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $ 11,324,110.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 3 | | $ 117,745,653.47 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | 0 | | | $ |
| J - Current Expenditures of Individual Debtor(s) | NO | 0 | | | $ |
| TOTAL | | 14 | $ 1,050,057.00 | $ 129,069,763.47 | |

## UNITED STATES BANKRUPTCY COURT
### District of Minnesota

In re: **Petters Capital, LLC** _____,  Case No. _____

Debtor (If known)

# STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 39,521,203.00 | Recorded Net Income/Loss according to Debtor's records, however, such records are deemed unreliable. | 2007 |
| 39,112,387.00 | Recorded Net Income/Loss according to Debtor's records, however, such records are deemed unreliable. | 2008 |
| -4,482,217.00 | Recorded Net Income/Loss according to Debtor's records, however, such records are deemed unreliable. | 2009 throug 4/30/2009 |

### 2. Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☑

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☑ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

None ☐ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Petters Aviation** **2005 Cargo Road** **Minneapolis, MN 55440** **Affiliate** | 9/25/2008 | 21,502.98 | 0.00 |
| **Petters Group Worldwide, LLC** **4400 Baker Road** **Minnetonka, MN 55343** **Affiliate** | various between 5/31/2008 and 9/25/2008 | 918,072.89 | 3,680,217.00 |

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☑ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| | | | |

None ☐ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **United States** **United States Attorney** **300 South 4th Street, Ste. 600** **Minneapolis, MN 55415** | 10/03/2008 | **Assets and Records of Debtor** |

## 5. Repossessions, foreclosures and returns

None ☐ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| RWB Services, LLC c/o Ronald Peterson, Ch. 7 Trustee Jenner & Block, LLP 330 N. Wabash Avenue Chicago, IL 60611 | 10/16/2008 | On 10/16/2008, and in possible violation of TRO issued by US District Court of MN on Oct. 3, 2008, RWB Services attempted to exercise its purported interest in pledged $4 million and $6 million notes issued by Polaroid Corporation in favor of Petters Capital, LLC. |

## 6. Assignments and receiverships

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☐ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| Douglas A. Kelley, Receiver Kelley & Wolter, P.A. Centre Village Offices 431 S. 7th Street, Ste 2530 Minneapolis, MN 55415 | US District Court, District of Minnesota; USA v. Petters, et al.; 08-CV-5348 | 10/06/2008 | **Assets and records of Debtor** |

## 7. Gifts

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

## 8. Losses

None ☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

## 9. Payments related to debt counseling or bankruptcy

None ☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

## 10. Other transfers

None ☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None ☑

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR' INTEREST IN PROPERTY |
| --- | --- | --- |

## 11. Closed financial accounts

None ☐ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Northern Trust, N.A.<br>440 Royal Palm Way<br>Palm Beach, FL 33480-4195 | Business MMKT account;<br>Account No. 554843078; | October 22, 2008 - all funds transferred to USBank account. |
| Northern Trust, N.A.<br>440 Royal Palm Way<br>Palm Beach, FL 33480-4195 | Business operating checking,<br>Acct 2840083906; $48,883.41<br>final balance transferred to<br>USBank. | Closed October 22, 2008. All funds transferred to USBank account. |

## 12. Safe deposit boxes

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None ☑ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

## 16. Spouses and Former Spouses

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑

a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None
☑

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| | | | | |

None
☑

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|
| | |

## 19. Books, records and financial statements

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------------------|-------------------------|
| **James Wehmhoff** <br> **4595 Oakview Lane** <br> **Plymouth, MN 55343** | 2005--2008 |
| **Mark Laumann** <br> **4400 Baker Road** <br> **Minnetonka, MN 55343** | 2005-2008 |

None
☑

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|-------------------------|
| | | |

None ☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| Camille Chee-Awai | 309 East Di Lido Drive<br>Miami Beach, FL 33139 |
| Douglas A. Kelley, Receiver | Kelly & Wolter, P.A.<br>Centre Village Offices<br>431 S. 7th Street, Ste. 2530<br>Minneapolis, MN 55343 |
| Federal Bureau of Investigation | Minneapolis, MN |
| Petters Group Worldwide, LLC | 4400 Baker Road<br>Minnetonka, MN 55343 |
| United States Attorney's Office | 300 S. 4th Street, Ste. 600<br>Minneapolis, MN 55415 |

None ☐ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS          DATE ISSUED

unknown

## 20. Inventories

None ☑ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ☑ b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

## 21. Current Partners, Officers, Directors and Shareholders

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Camille Chee-Awai<br>309 East Di Lido Drive<br>Miami Beach, FL 33139 | Chief Executive Officer | none |
| Petters Group Worldwide, LLC<br>4400 Baker Road<br>Minnetonka, MN 55343 | Owner | Owns & controls 100% of membership interests |
| Thomas J. Petters<br>655 Bushaway Road<br>Wayzata, MN 55391 | Chairman | Indirectly owns and controls 100% ownership of Petters Group Worldwide, LLC which owns and controls 100% of the membership intersts of Debtor. |

## 22. Former partners, officers, directors and shareholders

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☐ b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| James Wehmhoff<br>4595 Oakview Lane<br>Plymouth, MN 55442 | Vice President, Tax & Finance | 10/10/2008 |

## 23. Withdrawals from a partnership or distributions by a corporation

None ☑ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 24. Tax Consolidation Group.

None ☐ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| Petters Group Worldwide, LLC | 04-3660362 |

## 25. Pension Funds.

None
☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                         TAXPAYER IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  6-12-09                    Signature  *Douglas A. Kelley*

**Douglas A. Kelley, Court Appointed Receiver**
Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets attached

The foregoing information concerning assets held, valuation of those assets, creditors and claims is based upon records available to the Debtor, the accuracy and validity of which is in question. This information is compiled from various sources and represents a good faith estimate. These schedules, statements and other documents may be amended as more information becomes available.

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571.*

In re  Petters Capital, LLC _____     Case No. _____
                              _____                         (If known)
                                  Debtor

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

(NOT APPLICABLE)

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I **Douglas A. Kelley**, the <u>Court Appointed Receiver</u> of the <u>Corporation</u> named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __15_____ sheets *(Total shown on summary page plus 1)*, and that they are true and correct to the best of my knowledge, information, and belief.

Date  6-12-09 _____        Signature: _Douglas A. Kelley_____

                                     <u>Douglas A. Kelley Court Appointed Receiver</u>
                                     [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

The foregoing information concerning assets held, valuation of those assets, creditors and claims is based upon records available to the Debtor, the accuracy and validity of which is in question. This information is compiled from various sources and represents a good faith estimate. These schedules, statements and other documents may be amended as more information becomes available.

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

**Petters Capital, LLC**

<span align="right">**SIGNATURE DECLARATION**</span>

Debtor(s).

Case No. _____

____✓____PETITION, SCHEDULES & STATEMENTS

_____CHAPTER 13 PLAN

_____SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION

_____AMENDMENT TO PETITION, SCHEDULES & STATEMENTS

_____MODIFIED CHAPTER 13 PLAN

_____OTHER (Please describe:_____)

I **Douglas A. Kelley**, the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

• The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

• The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;

• **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;

• I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and

• **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: _6-12-09_

X _____Douglas A. Kelley_____
Signature of Debtor or Authorized Representative

**Douglas A. Kelley**_____
Printed Name of Debtor or Authorized Representative

The foregoing information concerning assets held, valuation of those assets, creditors and claims is based upon records available to the Debtor, the accuracy and validity of which is in question. This information is compiled from various sources and represents a good faith estimate. These schedules, statements and other documents may be amended as more information becomes available.

Form ERS 1 (Rev. 10/03)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:   Petters Capital, LLC

Case No. _____

_____
Debtor

Chapter _7_____

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of **2** sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated:  _6 - 12 - 09_____

Signed: _Douglas A. Kelley_____
Douglas A. Kelley

Signed: _____
James A. Lodoen
Attorney for Debtor(s)
Bar no.:        0173605
Lindquist & Vennum P.L.L.P.
80 South 8th Street
Suite 4200
Minneapolis MN 55402
Telephone No.:   612-371-3211
Fax No.:         612-371-3207
E-mail address:  jlodoen@lindquist.com

The foregoing information concerning assets held, valuation of those assets, creditors and claims is based upon records available to the Debtor, the accuracy and validity of which is in question. This information is compiled from various sources and represents a good faith estimate. These schedules, statements and other documents may be amended as more information becomes available.

CAMILLE CHEE-AWAI
309 EAST DI LIDO DRIVE
MIAMI BEACH, FL 33139


LAI CAPITAL, LTD.
2625 UNDERHILL ROAD
TOLEDO, OH 43615


MERRI VILLE HOLDINGS
1660 SWEETBAY WAY
HOLLYWOOD, FL 33019


MICHAEL L. O'SHAUGHNESSY
701 XENIA AVENUE SOUTH, STE. 450
MINNEAPOLIS, MN 55416


MICHAEL L. O'SHAUGHNESSY
C/O SPENCE, RICKE, SWEENEY & GERNES
ATTN: LARRY B. RICKE
325 CEDAR STREET, SUITE 600
ST. PAUL, MN 55101

MLO APPLIANCE COMPANY, LLC
C/O SPENCE RICKE SWEENY & GERNES
ATTN:  LARRY RICKE
325 CEDAR STREET S, STE 600
ST. PAUL, MN 55101

MLO APPLIANCE COMPANY, LLC
701 XENIA AVENUE SOUTH, STE 450
MINNEAPOLIS, MN 55415


PETTERS COMPANY, INC.
4400 BAKER ROAD
MINNETONKA, MN 55343


PETTERS GROUP WORLDWIDE, LLC
4400 BAKER ROAD
MINNETONKA, MN 55343

PREMIER CORPORATE SERVICES, INC.
PO BOX 660
WINDSOR, NJ 08550-0660


REE ENTERPRISES, INC.
7532 BRIGADOON PLACE
FRIDLEY, MN 55432


RWB  SERVICES, LLC
1033 SKOKIE BOULEVARD, SUITE 620
NORTHBROOK, IL 60062


TLP SERVICES, LLC
C/O RITCHIE CAPITAL MANAGEMENT
801 WARRENVILLE ROAD
LISLE, IL 60532

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

## STATEMENT OF AUTHORITY TO SIGN AND FILE PETITION

I, Douglas A. Kelley, declare under penalty of perjury that I am the Court Appointed Receiver of Petters Company, Inc, a Minnesota corporation, and Petters Group Worldwide, LLC, a Delaware Limited Liability Company, and Thomas Joseph Petters, individually, and all affiliates, subsidiaries, divisions, successors or assigns owned 100% or controlled by the foregoing, which includes Petters Capital, LLC. As the Court Appointed Receiver, I herby declare as follows:

It is in the best interest of the following entity:

Petters Capital, LLC

(hereinafter the "Company") to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 7 of Title 11 of the United States Code;

As the Court Appointed Receiver of the Company, I am authorized to execute and deliver all documents necessary to perfect the filing of a Chapter 7 voluntary bankruptcy petition on behalf of the Company; and

As the Court Appointed Receiver, I am authorized to appear in all bankruptcy proceedings on behalf of the Company, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Company in connection with such bankruptcy case; and

As the Court Appointed Receiver, I am authorized to employ James A. Lodoen, attorney, and the law firm of Lindquist & Vennum P.L.L.P., to represent the Company in such bankruptcy proceedings.

Executed on: _6-12-09_

_Douglas A. Kelley_
Douglas A. Kelley,
Court Appointed Receiver

# United States Bankruptcy Court
## District of Minnesota

In re  **Petters Capital, LLC**

Debtor.

Case No.

Chapter  **7**

## STATEMENT OF CORPORATE OWNERSHIP

Comes now **Petters Capital, LLC** (the "Debtor") and pursuant to Fed. R. Bankr. P. 1007(a) and 7007.1 state as follows:

____**X**____ All corporations that directly or indirectly own 10% or more of any class of the corporation's equity interests are listed below:

Owner

**Petters Group Worldwide, LLC**
**4400 Baker Road**
**Minnetonka, MN 55343**

**% of Shares Owned**

**100**

OR,

_____ There are no entities to report.

By: _____

**James A. Lodoen**
Signature of Attorney

Counsel for    **Petters Capital, LLC**
Bar no.:         **0173605**
Address.:        **Lindquist & Vennum P.L.L.P.**
                 **80 South 8th Street**
                 **Suite 4200**
                 **Minneapolis MN 55402**
Telephone No.: **612-371-3211**
Fax No.:          **612-371-3207**
E-mail address: **jlodoen@lindquist.com**

**Form 1007-1 - Statement Of Compensation By Debtor's Attorney**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Petters Capital, LLC
_____,
Debtor.

Case No. BKY _____

Chapter     7    Case

## STATEMENT OF COMPENSATION BY ATTORNEY FOR DEBTOR(S)

The undersigned, pursuant to Local Rule 1007-1, Bankruptcy Rule 2016(b) and § 329(a) of the Bankruptcy Code, states that:

1.     The undersigned is the attorney for the debtor(s) in this case and files this statement as required by applicable

2.     (a) The filing fee paid by the undersigned to the clerk for the debtor(s) in this case is:    $ _____ 1,039.00

     (b) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:    $ _____ 0.00

     (c) Prior to filing this statement, the debtor(s) paid to the undersigned:    $ _____ 0.00

     (d) The unpaid balance due and payable by the debtor(s) to the undersigned is:    $ _____ 0.00

3.     The services rendered or to be rendered include the following: (a) analysis of the financial situation and rendering advice and assistance to the debtor in determining whether to file a petition under Title 11 of the United States Code; (b) preparation and filing of the petition, exhibits, attachments, schedules, statements and lists and other documents required by the court; (c) representation of the debtor(s) at the meeting of creditors; (d) negotiations with creditors; and (e) other services reasonably necessary to represent the debtor(s) in this case.

4.     The source of all payments by the debtor(s) to the undersigned was or will be from earnings or other current compensation of the debtor(s), and the undersigned has not received and will not receive any transfer of property other than such payments by the debtor(s), except as follows:

**possibly through the United States District Court receivership.**
_____

5.     The undersigned has not shared or agreed to share with any other person other than with members of undersigned's law firm any compensation paid or to be paid.

Dated: _6 - 12 - 0 9_          Signed: _____

                                 James A. Lodoen
                                 Bar no: 0173605
                                 Attorney for Debtor(s)

                                 **Lindquist & Vennum P.L.L.P.**
                                 **80 South 8th Street**
                                 **Suite 4200**
                                 **Minneapolis MN 55402**
                                 **612-371-3211**

LOCAL RULE REFERENCE: 1007-1