UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re: Bankr. No. 09-43847-NCD
Chapter 7

Petters Capital, LLC,

Debtor(s).

---

**NOTICE OF EXPEDITED HEARING AND MOTION FOR APPROVAL OF USE OF PETTERS CAPITAL, LLC'S CASH COLLATERAL AND APPROVAL OF REPLACEMENT LIEN**

---

**TO: ALL PARTIES IN INTEREST PURSUANT TO LOCAL RULE 9013-3(a)(1).**

1. Randall L. Seaver, the Trustee in the above-captioned Chapter 7 case ("Trustee Seaver"), moves the Court for the relief requested below and gives notice of hearing.

**NOTICE OF HEARING**

2. The Court will hold an expedited hearing on this Motion at 2:30 PM on October 8, 2009 in Courtroom No. 7-West, 301 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

3. Pursuant to Local Rule 9006-1(c), any response to this Motion must be filed and served by delivery not later than three days before the time set for the hearing or filed and served by mail not later than seven days before the hearing date. However, given the expedited nature of the relief sought with respect to this Motion, the Trustee does not object to written responses being served and filed immediately prior to the hearing. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THIS MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(M) and (O).

5. This Motion arises under 11 U.S.C. §§ 361 and 363, as well as Fed. R. Bankr. P. 4001 and 6004. This Motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9013 and 4001-2.

6. Trustee Seaver requests an order authorizing the use of Petters Capital, LLC's cash collateral in the Polaroid Corporation consolidated case, Court File No. 08-46617, including PBE Corporation, f/k/a Polaroid Corporation, and its affiliated debtors, which include PBE Holding Company, PBE Consumer Electronics, LLC, PBE Capital, LLC, PBE Latin American I Corporation, PBE Asia Pacific, LLC, PBE International Holding, LLC, PBE New Bedford Real Estate, LLC, PBE Norwood Real Estate, LLC, and PBE Waltham Real Estate, LLC (collectively, the "Polaroid Debtors")[1]. Trustee Seaver is in support of the use of cash collateral of Petters Capital, LLC as sought by the Chapter 7 Trustee for the Polaroid Debtors for the payment of ongoing wind-down expenses, facilitation of liquidation of remaining assets and to accomplish the monetization of such assets for the benefit of creditors of the Polaroid Debtors. The Trustee believes adequate protection has been given by the Polaroid Debtors in exchange for use of Petters Capital, LLC's cash collateral.

[1] On June 19, 2009, the Polaroid Debtors filed documents with the appropriate offices of the Secretary of State for the purpose of changing their corporate names to omit the term "Polaroid." The Debtor Polaroid Holding Company is now "PBE Holding Company," the Debtor Polaroid Corporation is now "PBE Corporation," the Debtor Polaroid Consumer Electronics, LLC is now "PGBE Consumer Electronics, LLC," the Debtor Polaroid Capital, LLC is now "PBE Capital, LLC," the Debtor Polaroid Latin America 1 Corporation is now "PBE Latin America I Corporation," the Debtor Polaroid Asia Pacific, LLC is now "PBE Asia Pacific, LLC," the Debtor Polaroid International Holding, LLC is now "PBE International Holding, LLC," the Debtor Polaroid New Bedford Real Estate, LLC is now "PBE New Bedford Real Estate, LLC," the Debtor Polaroid Norwood Real Estate is now "PBE Norwood Real Estate, LLC" and the Debtor Polaroid Waltham Real Estate, LLC is now "PBE Waltham Real Estate, LLC."

## FACTUAL BACKGROUND

7. The Chapter 7 bankruptcy of Petters Capital, LLC was filed on June 12, 2009. Randall L. Seaver is the duly appointed Chapter 7 trustee of the bankruptcy estate of Petters Capital, LLC.

8. The Polaroid Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code on December 18, 2008. The Polaroid Debtors voluntarily converted the Chapter 11 cases to Chapter 7 cases on August 31, 2009. John R. Stoebner ("Trustee Stoebner") was subsequently appointed Chapter 7 Trustee of the Polaroid Debtors.

9. The factual background relating to the Polaroid Debtors bankruptcy cases is set forth in Trustee Stoebner's Notice of Hearing and Motion for Authorization for Use of Cash Collateral filed on September 10, 2009 (Court File No. 08-46617).

10. The Polaroid Debtors have liquidated substantial portions of their assets and at this point Trustee Stoebner is in the process of liquidating remaining assets and winding up the companies. On September 9, 2009, Trustee Stoebner filed a Motion seeking authorization for use of cash collateral ("Cash Collateral Motion") which was approved by Judge Kishel pursuant to a Stipulated Order dated September 29, 2009. Trustee Stoebner proposed the use of approximately $1,466,000 of cash collateral belonging to Petters Capital LLC, Petters Company, Inc., Petters Company, LLC, PAC Funding, LLC, Acorn Capital Group, LLC, RWB Services, LLC, Ritchie Capital Management, LLC, Ritchie Special Credit Investments, Ltd., Phone Holdings II, Ltd, Yorkville Investments, LLC and Ritchie Capital Structure Arbitrage Trading, Ltd. (hereinafter "the Secured Creditors") and intend to give as adequate protection a replacement lien in all post-

petition assets of the Polaroid Debtors. Trustee Seaver objected to the Cash Collateral Motion because the replacement lien proposed did not include Chapter 5 avoidance actions. Trustee Stoebner and the other interested parties reached agreement on an Order and ultimately Trustee Seaver withdrew his objection.

11. While in Chapter 11, the Polaroid Debtors sought, and were granted, authorization to use certain cash collateral (approximately $1,400,000 of "LC Deposit Funds and Miscellaneous Cash," as those terms were defined in the Polaroid Debtors' previous Motions) to fund the reasonable and necessary wind-down expenses of the Polaroid Debtors' estates. The $1,400,000 of cash collateral previously authorized has been essentially fully utilized prior to the Polaroid Debtors' conversion to a Chapter 7, leaving Trustee Stoebner with virtually no funds to pay for the reasonable and necessary post-conversation expenses.

12. Petters Capital, LLC, together with Petters Company, Inc. and Petters Company, LLC,, have security interests in the Polaroid Debtors' assets in amounts in excess of $40,000,000 in the aggregate under the terms of the following notes and loan documents executed by Thomas J. Petters on behalf of the Polaroid Debtors:

    a. Promissory Note in the original principal amount of $20,000,000 dated April 24, 2007 in favor of Petters Company, LLC ("First Loan"); a Loan Agreement dated April 24, 2007 in favor of Petters Company, LLC; an Amended and Restated Loan Agreement dated October 22, 2007 in favor of Petters Company, Inc., Petters Company, LLC and Petters Capital, LLC[2]; and an Amended and Restated Secured Subordinated Term Note dated as of September 11, 2008 in favor of Petters Company, Inc.

    b. Promissory Notes issued in favor of Petters Capital, LLC on October 22, 2007 in the amount of $4,000,000, on October 29, 2007 in the amount of $6,000,000, on November 5, 2007 in the amount of $5,000,000, and on November 12, 2007 in the amount of $5,000,000, the aggregate to $20,000,000 of original principal ("Second Loans"). Petters Capital, LLC obtained $10,000,000 in funds from

[2] Petters Company, LLC purportedly assigned its rights in the 1st Loans to Petters Company, Inc.

RWB Services, LLC in October 2007 and issues Notes in favor of RWB Services, LLC in return. Petters Capital, LLC purportedly pledged $10,000,000 of the Second Loans to RWB Services, LLC as collateral to secure Petters Capital's obligations to RWB Services. On October 17, 2008, a possible violation of the TRO entered by the United States District Court for the District of Minnesota on October 3, 2008, United States v. Petters, et al, Case No. 08-CV-5348, RWB Services, LLC attempted to exercise its rights to obtain ownership of certain Notes of Petters Capital. Trustee Seaver questions whether RBW Services, LLC's exercise of its rights is valid and effective in light of the stay of such actions by the United States District Court.

c. Pledge and Security Agreement dated April 24, 2007 as subsequently amended on October 22, 2007 and further amended on December 15, 2007, that purports to grant a security interest in both the First Loan and Second Loans to Petters Company, Inc., Petters Company, LLC and Petters Capital, LLC in all right, title and interest in the following assets of Polaroid Corporation:

> Documents; Goods (including Documents Representing Good and Software Embedded in Goods); Insurance; Intellectual Property; Investment Related Property; Letter of Credit Rights; Money; Non-Payment Contract; Receivables Contracts and Receivable Records; Commercial Tort Claims; All General Intangibles, Material Contracts, Borrower's Collateral Records; Borrower's Collateral Support and Supporting Obligations relating to any of the foregoing; and All Proceeds, products, accessions, rents and profits of or in respect of any of the foregoing.

d. UCC Financing Statement filed with the Delaware Secretary of State on November 18, 2007 (Filing No. 2007 4265137) naming Petters Company, Inc., Petters Company, LLC and Petters Capital, LLC as secured parties, and covering the following collateral:

> All personal property of the debtor now owned or hereafter acquired.

e. Amended and Restated Intercreditor Agreement dated October 22, 2007 ("Intercreditor Agreement") by and between JP Morgan, PCI, Petters Capital, PCLLC and Thomas Petters, Inc.

13. Trustee Stoebner is proposing to use cash collateral arising from Additional LC Deposit Refunds, Buy/Sell Proceeds and/or Sale Proceeds in which the above-described secured creditors' claim or may have an interest.

14. Trustee Stoebner asserts he needs the cash collateral in order to perform his statutory duties including identify, locate, preserve and recover property of the estates including property held in non-debtor subsidiaries of the debtors, collect and reduce to money all property of the estate which is estimated to be in excess of $5,000,000 in additional funds, investigate the financial affairs of the debtors, and examine proofs of claims and object as appropriate.

15. Trustee Stoebner is proposing as adequate protection to grant the Secured Creditors replacement liens in all post-petition assets of the Polaroid Debtors, including, but not limited to, proceeds of avoidance causes of action under Chapter 5 of the Bankruptcy Code, provided, however, Trustee Stoebner will be permitted to pay post-conversion expenses through December 31, 2009 not to exceed the amount of $1,466,000. It is understood that any and all such replacement liens will have the same nature, character, validity, priority, dignity, extent and effect as the pre-petition liens such party had, if any, in cash collateral and shall be without prejudice to the rights of Trustee Stoebner or any other party in interest to challenge the nature, character, validity, priority, dignity, extent and effect of any such liens or commence any proceeding under the Bankruptcy Code seeking a determination with respect thereto or seeking to avoid or set aside any such liens.

## EXPEDITED RELIEF

16. Trustee Seaver requests an expedited hearing for an Order approving the use of Petters Capital, LLC's cash collateral by Trustee Stoebner. Trustee Seaver asserts there is cause for ordering an expedited hearing on its Motion because Trustee Stoebner will suffer irreparable harm if he cannot utilize cash collateral. This request for an expedited

hearing seeking approval of the use of Petters Capital, LLC's cash collateral is being made in response to Trustee Stoebner's Motion for Use of Cash Collateral and Cash Collateral Order entered on September 29, 2009.

**WHEREFORE,** Trustee Seaver requests the Court issue an Order:

A. Granting an expedited hearing;

B. Approving the use of Petters Capital, LLC's cash collateral by the Chapter 7 Trustee for the Polaroid Debtors subject to the terms set forth in Trustee Stoebner's Cash Collateral Motion and the Cash Collateral Order dated September 29, 2009.

C. Approving the post-petition replacement lien in all post-petition assets of the Polaroid Debtors.

D. Granting such other and further relief as the Court deems just and equitable.

Dated: October 1, 2009.

/e/ Renee C. Rubish

Charles W. Ries # 12767X
Renee C. Rubish # 250946
MASCHKA RIEDY & RIES
Attorneys for Trustee Randall L. Seaver
201 North Broad Street, Suite 200
P. O. Box 7
Mankato, MN 56002-0007
Telephone (507) 625-6600

**VERIFICATION**

I, Randall L. Seaver, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated this 1st day of October, 2009.

/e/ Randall L. Seaver
Randall L. Seaver

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re: Bankr. No. 09-43847-NCD
Chapter 7

Petters Capital, LLC,

Debtor(s).

---

**TRUSTEE RANDALL K. SEAVER'S MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF USE OF PETTERS CAPITAL, LLC'S CASH COLLATERAL AND APPROVAL OF REPLACEMENT LIEN**

---

Trustee Randall L. Seaver ("Trustee Seaver"), the Trustee for the bankruptcy estate of Petters Capital, LLC ("Petters Capital") submits this Memorandum in support of his Motion for an expedited hearing and approval of the use of Petters Capital, LLC's cash collateral by the Chapter 7 Trustee, John R. Stoebner, for the Polaroid Corporation consolidated cases and approval of a replacement lien in favor of Petters Capital. On September 29, 2009, Judge Kishel entered an Order Granting Authority to the Chapter 7 Trustee to Consent to Use of Cash Collateral Through and Including December 31, 2009 (the "Cash Collateral Order"). The Trustee is now seeking this Court's approval for the use of Petters Capital's cash collateral by Trustee Stoebner in the Polaroid Corporation bankruptcy cases.

## FACTUAL BACKGROUND

The factual support for the Trustee's Motion and this Memorandum is set forth in the verified Motion. The Trustee also refers the Court to Trustee Stoebner's Notice of Hearing and Motion for Authorization For Use of Cash Collateral and the Court's Cash Collateral Order.

## LEGAL ANALYSIS

### I. The Court should approve the use of Petters Capital's cash collateral by the Chapter 7 Trustee for the Polaroid Corporation Debtors.

The trustee or the debtor in possession may not use, sell or lease collateral unless (a) each entity that has an interest in such cash collateral consents, or (b) the court after notice and a hearing authorizes such use, sale or lease in accordance with the provisions of 11 U.S.C. § 363(c)(2). The debtor has the burden to prove that adequate protection exists for the secured party when seeking the use of cash collateral. 11 U.S.C. § 363(e). In *In Re Berens*, 41 B.R. 524, 526 (Bankr. Minn. 1984). Adequate protection under 11 U.S.C. § 363 is deemed the same protection as under 11 U.S.C. § 362. *In Re Polzin*, 49 B.R. 370, 371 (Bankr. Minn. 1985). "However, due to the fact that the collateral is consumed or used up in a § 363 context and the creditor's use is not merely delayed as in a § 362 context, the adequate protection standard is a strict one." *Id.* at 371-372.

Trustee Seaver believes it is in the best interest of creditors of Petters Capital to allow the use of Petters Capital's cash collateral by the Chapter 7 Trustee for the Polaroid Debtors to allow him to wind up Debtors' operations. Trustee Seaver consented to the Polaroid Corporation Debtors' use of cash collateral of Petters Capital, subject to this Court's approval, provided the use of the cash collateral is limited to the uses outlined by Trustee Stoebner through December 31, 2009 in an amount not to exceed $1,466,000. There are expenses outlined in the Trustee Stoebner's Motion indicating expenses needed to perform his statutory duties. The Trustee believes these expenses should be paid from cash collateral in order to facilitate the wind-down of the Polaroid Debtors' cases and generate an expected $5,000,000 in additional funds.

The Trustee understands that in consenting to the use of cash collateral, Trustee Stoebner will grant Petters Capital, LLC a replacement lien in all post-petition assets of the Polaroid

debtors, including, but not limited to, avoidance causes of action under Chapter 5 of the Bankruptcy Code. The replacement lien is adequate protection for the estate under 11 U.S.C. § 361.

**CONCLUSION**

For all of the foregoing reasons, the Trustee requests that the Court enter an Order approving the use of Petters Capital, LLC's cash collateral by the Chapter 7 Trustee for the Polaroid Corporation Debtors limited to the uses set forth in Trustee Stoebner's Motion and approve a replacement lien in all of the Polaroid Debtors' post-petition assets.

Dated: October 1, 2009.

/e/ Renee C. Rubish
Charles W. Ries # 12767X
Renee C. Rubish # 250946
MASCHKA RIEDY & RIES
Attorneys for Trustee Randall L. Seaver
201 North Broad Street, Suite 200
P. O. Box 7
Mankato, MN 56002-0007
Telephone (507) 625-6600

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Bankr. No. 09-43847-NCD
Chapter 7

Petters Capital, LLC,

Debtor(s).

**UNSWORN CERTIFICATE OF SERVICE**

The undersigned, being an employee of Maschka, Riedy & Ries, 200 Union Square Business Center, 201 North Broad Street, Mankato, Minnesota, declares under penalty of perjury that on October 1, 2009, she served the Notice of Expedited Hearing and Motion for Approval of Use of Petters Capital, LLC's Cash Collateral and Approval of Replacement Lien, Trustee Randall K. Seaver's Memorandum in Support of Motion for Approval of Use of Petters Capital, LLC's Cash Collateral and Approval of Replacement Lien, proposed Order Approval for Use of Petters Capital, LLC's Cash Collateral and Approval of Replacement Lien to each entity named below:

**E-Notice Only:**

Daniel C. Beck dbeck@winthrop.com, tcooke@winthrop.com
James M. Jorissen jjorissen@losgs.com, vrittenbach@losgs.com
James A. Lodoen jlodoen@lindquist.com, gluessenheide@lindquist.com
Charles W Ries cw_ries@mrr-law.com, bankruptcy@mrr-law.com
Michael Rosow mrosow@winthrop.com, jahlers@winthrop.com
David E. Runck david.runck@fmjlaw.com, Aong.Moua@fmjlaw.com
Randall L. Seaver rlseaver@fullerseaverramette.com, rseaver@ecf.epiqsystems.com
John R. Stoebner jstoebner@lapplibra.com, rtri@lapplibra.com;lfrey@lapplibra.com
James A. Rubenstein rubenstein@moss-barnett.com, montpetitm@moss-barnett.com
US Trustee ustpregion12.mn.ecf@usdoj.gov

**By first class mail addressed to each of the entities as follows:**

ARROWHEAD CAPITAL PARTNERS II LP
ATTN JAMES FRY
601 CARLSON PARKWAY STE 1250
MINNETONKA MN 55305

CAMILLE CHEE-AWAI
309 EAST DI LIDO DRIVE
MIAMI BEACH, FL 33139

LAI CAPITAL, LTD
2580 UNDERHILL RD
TOLEDO, OH 43615-2335

MERRI VILLE HOLDINGS
1660 SWEETBAY WAY
HOLLYWOOD, FL 33019

MICHAEL L. O'SHAUGHNESSY
701 XENIA AVENUE SOUTH, STE. 450
MINNEAPOLIS, MN 55416

MICHAEL L. O'SHAUGHNESSY
C/O SPENCE, RICKE, SWEENEY & GERNES
ATTN: LARRY B. RICKE
325 CEDAR STREET, SUITE 600
ST. PAUL, MN 55101

MLO APPLIANCE COMPANY, LLC
701 XENIA AVENUE SOUTH, STE 450
MINNEAPOLIS, MN 55415

MLO APPLIANCE COMPANY, LLC
C/O SPENCE RICKE SWEENY & GERNES
ATTN: LARRY RICKE
325 CEDAR STREET S, STE 600
ST. PAUL, MN 55101

PETTERS COMPANY, INC.
4400 BAKER ROAD
MINNETONKA, MN 55343

PREMIER CORPORATE SERVICES, INC.
PO BOX 660
WINDSOR, NJ 08550-0660

REE ENTERPRISES, INC.
7532 BRIGADOON PLACE
FRIDLEY, MN 55432

RWB SERVICES, LLC
C/O RONALD PETERSON, CH. 7 TRUSTEE
JENNER & BLOCK, LLP
330 N. WABASH AVENUE
CHICAGO, IL 60611

REE ENTERPRISES
ATTN: BRAD DENNIS
320 DUE EAST STREET
NEW SMYRNA BEACH, FL 32169

TLP SERVICES, LLC
C/O RITCHIE CAPITAL MANAGEMENT
801 WARRENVILLE ROAD
LISLE, IL 60532

LINDA BERREAU
16418 GLADYS LANE
MINNETONKA, MN

/e/Nancy L. Solberg__________

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:

Petters Capital, LLC,

Debtor(s).

Bankr. No. 09-43847-NCD
Chapter 7

---

**ORDER FOR APPROVAL OF USE OF PETTERS CAPITAL, LLC'S CASH COLLATERAL AND APPROVAL OF REPLACEMENT LIEN**

---

The above-entitled matter came before the Court on October 8, 2009 at 2:30 PM pursuant to the expedited Motion of Randall L. Seaver, Trustee for the bankruptcy estate of Petters Capital, LLC. Appearances were noted on the record. Based upon oral argument of the parties and upon all the files, records and proceedings herein, the Court hereby orders:

1. The Motion for expedited hearing is granted.

2. The Trustee's Motion for the approval of the use of cash collateral of Petters Capital, LLC by the Chapter 7 Trustee for the Polaroid Corporation, et.al. in Bankruptcy Case No. 08-46617 and a replacement lien in all of the Polaroid Corporation's post-petition assets is hereby granted provided the use of cash collateral is limited to the uses set forth in Trustee Stoebner's Motion for Use of Cash Collateral and the Cash Collateral Order dated September 29, 2009.

Dated: ______________________, 2009.

BY THE COURT:

_________________________________
Honorable Nancy C. Dreher
Judge of Bankruptcy Court